# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

**YVONNE CARRINGTON**
5029 57th Avenue Apt 201
Bladensburg, MD 20710
*Prince George's County*

      Plaintiff,

  vs.

**CONVERGENT OUTSOURCING,
INC., a Washington Corporation,
f/k/a/ ER SOLUTIONS, INC., a
Washington Corporation**
800 S.W. 39th Street
Renton, WA 98055

And

**DOES 1 through 10, inclusive**

      Defendants.

---

**Civil Case No.:**

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

**1. VIOLATION OF FAIR DEBT
COLLECTION PRACTICES
ACT [15 U.S.C. § 1692]**

**2.  VIOLATION OF MARYLAND
CONSUMER DEBT
COLLECTION ACT [MD. CODE
ANN., COM. LAW § 14-201]**

**3. VIOLATION OF THE
MARYLAND CONSUMER
PROTECTION ACT [MD. CODE
ANN., § 13-101]**

**4.  VIOLATION OF THE
TELEPHONE CONSUMER
PROTECTION ACT [47 U.S.C. §
227]**

**5. INTRUSTION UPON
SECULSION [RESTATEMENT
OF TORTS, SECOND, §652(B)]**

## COMPLAINT

### I.  INTRODUCTION

1

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.  Yvonne Carrington ("Plaintiff"), an individual consumer, brings this action to secure redress from unlawful credit and collection practices engaged in by Convergent Outsourcing, Inc. (Defendant").  Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (''FDCPA''), the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201, et seq. ("MCDCA"), and the Maryland Consumer Protection Act, Md. Code Ann., § 13-101, et seq. ("MCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Additionally, Plaintiff alleges violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et seq. ("TCPA"), which prohibits, in part, the use of any telephone facsimile machine or device to send unsolicited text message advertisement to recipients. Finally, Plaintiff alleges an invasion of Plaintiff's personally privacy by the Defendant in its illegal effort to collect a consumer debt pursuant to the Restatement of Torts, Second, §652(b).

## II. JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that any action to enforce liability created by the FDCPA may be brought in any appropriate United States district court.  Jurisdiction of this court also arises under 28 U.S.C. § 1331 which grants this court original jurisdiction of all civil actions arising under the laws of

2

**COMPLAINT AND DEMAND FOR JURY TRIAL**

the United States and 28 U.S.C. § 1337(a) which states that the district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

3.   Defendant conducts business in the State of Maryland, and as such, personal jurisdiction is established.

4.   Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this District because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff in this District, Defendant transacts business in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District.

### III.   PARTIES

5.   Yvonne Carrington (Plaintiff) is an individual with a permanent residence in Bladensburg, Prince George's County, Maryland 20710.   Plaintiff is a natural person obligated or allegedly obligated to pay a debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6.   Convergent Outsourcing, Inc., f/k/a ER Solutions, Inc. or Convergent Outsourcing

3

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Solutions, Inc. (Defendant), is a Washington corporation. Its principal place of business is located at 800 S.W. 39th Street, Renton, Washington 98057-9004.  Upon information and believe, Defendant's Registered Agent for Service of Process in the state of Maryland is The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201.

7.  Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another.  Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including Maryland.   Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.  The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovery.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## IV.    FACTUAL ALLEGATIONS

9.  Sometime before 2013 the Plaintiff allegedly incurred a financial obligation due and owing on a personal account owed to Credit One Bank, N.A. (alleged debt). The alleged debt arose from a consumer credit card.  After the alleged debt went into default the account was placed or otherwise transferred to the Defendant for collection

10. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to such judgment.  Thus, the alleged debt constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Upon information and belief, at all times relevant to this action, Defendant contacted Plaintiff for the purpose of collecting the alleged debt.

12. Upon information and belief, at all times relevant to this action, Defendant placed continuous harassing telephone calls to Plaintiff's cellular telephone, (202) 725-3394.

13. Upon information and belief, at all times relevant to this action, Defendant also contacted Plaintiff at Plaintiff's place of employment.

14. Upon information and belief, at all time relevant to this action, Defendant owned,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

operated and/or controlled telephone numbers (877) 825-3242, (202) 808-7165, and (202) 842-0949.  Upon information and belief, at all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone numbers (877) 825-3242, (202) 808-7165, and (202) 842-0949 for the purpose of collecting the alleged debt.

15. Upon information and belief, within the one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

16. Upon information and belief, between April 24, 2013 and April 28, 2013, Defendant called Plaintiff's cellular telephone no less than twenty-four (24) times for the purpose of collecting the alleged debt.

17. Upon information and belief, within one year prior to the filing of this action, Defendant regularly called Plaintiffs cellular telephone an excessive number of times in a given day for the purpose of collecting the alleged debt.  For instance, upon information and belief, on or about April 26, 2013, Defendant called Plaintiff's cellular telephone no less than six (6) times over the course of the day for the purpose of collecting the alleged debt.  Upon information and belief, on or about April 27, 2013, Defendant called Plaintiff's cellular telephone no less than five (5) times over the course of the day for the

6

purpose of collecting the alleged debt. Upon information and belief, on or about April 28, 2013, Defendant called Plaintiff's cellular telephone no less than ten (10) times over the course of the day for the purpose of collecting the alleged debt.

18. Upon information and belief, within on year prior to the filing of this complaint, on or about, April 17, 2013, Defendant contacted Plaintiff in an attempt to collect the alleged debt. Plaintiff advised Defendant that this account was being handled by a "consumer debt company." In response, the Defendant threatened Plaintiff by lying to her and insisting that she must make an $80.00 payment. When Plaintiff refused to make a payment, Defendant raised his voice and began speaking in a loud and aggressive manner in an effort to intimidate the Plaintiff into making an immediate payment. Plaintiff felt threatened and hung up the telephone.

19. Thereafter, Defendant continued calling Plaintiff's cellular telephone and Plaintiff's place of employment on a daily basis at an annoying and harassing rate, in an attempt to collect the Debt.

20. Upon information and belief, within one year prior to the filing of this complaint, on or about April 28, 2013, Defendant called Plaintiff for the purpose of collecting the alleged debt at 6:55 a.m., which is an inconvenient time. The defendant continued calling

7

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff's cellular telephone on this same day every thirty (30) to forty-five (45) minutes until approximately noon.

21. Defendant's conduct as described in detail above was done to harass, oppress, or abuse Plaintiff.

22. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

23. At all time relevant to this action, while conducting business in Maryland, Defendant has been subject to, and required to abide by, the laws of the United States, which include the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 (TCPA Regulations), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

24. Upon information and belief, at all time relevant to this action, Defendant owned, operated and/or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

25. Upon information and belief, Defendant regularly called Plaintiff's cellular telephone, (202) 725-3394, using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

26.Upon information and belief, the Defendant's call log will reflect that certain calls from Defendant to Plaintiff's cellular telephone were computer generated calls, generated by the use of an automatic telephone dialing system, or used a pre-recorded or artificial voice.

27.The telephone calls each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

28.Upon information and belief, Defendant did not have an emergency purpose, as defined by 47 U.S. § 227(b)(1)(A), for calling Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by 47 U.S. § 227(a)(1).

29. Upon information and belief, Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cellular telephone by the use of an automatic telephone dialing system or a pre-recorded artificial voice prior to Defendant's placement of the calls.

30.Upon information and belief, Defendant knew that calling Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) was in violation of the TCPA.  Upon information and belief, on multiple occasions, Defendant willfully and/or knowingly violated the TCPA.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## V. FIRST CAUSE OF ACTION
### *(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)*

31. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

32. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by calling the Plaintiff's cellular telephone prior to 8:00 o'clock am which is an unusual time known to be inconvenient to the consumer; and

(b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(c) Defendant violated *§1692d(5)* of the FDCPA in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

10

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt; and

(f) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

33.Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34.As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Yvonne Carrington, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.   SECOND CAUSE OF ACTION
### *(Violation of the Maryland Consumer Debt Collection Act, Md. Code Comm. Law § 14-201)*

35.Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.The Defendant is corporation and thus a "person" as defined under Md. Code Comm. Law § 14-201(d).

37.The Defendant is a person collecting or attempting to collect and alleged debt arising out of a consumer transaction and is thus a "collector" as defined under Md. Code Comm. Law § 14-201(b).

**COMPLAINT AND DEMAND FOR JURY TRIAL**

38. The alleged debt involves a transaction involving a person seeking or acquiring real or personal property, services, money, or credit for personal, family or household purposes.  The alleged debt is therefore, a "consumer transaction" as defined under Md. Code Comm. Law § 14-201(c).

39. Plaintiff is a "person" as that term is defined by MCDCA, Md. Code. § 14-201(d).

40. Defendant violated the MCDCA.  Defendant's violations include, but are not limited to, the following:

    (a) The Defendant repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of Md. Code Comm. Law § 14-202(6).

    (b) The Defendant contacted the Plaintiff on her cellular telephone at unusual and unreasonable hours, in violation of Md. Code Comm. Law § 14-202(6).

    (c) The Defendant used grossly abusive language by threatening and intimidating the Plaintiff in an attempt to collect the alleged debt, in violation of Md. Code Comm. Law § 14-202(7).

41. As a result of the foregoing violations of the MCDCA, pursuant to Md. Code Comm. Law § 14-203, Defendant is liable to Plaintiff, Yvonne Carrington, for damages proximately caused by the Defendant's violations, including damages for emotional distress or mental anguish suffered with our without accompanying physical injury.

12

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## VII.   THIRD CAUSE OF ACTION
### *(Violation of the Maryland Consumer Protection Act,*
### *Md. Code, Comm. Law, § 13-101)*

42. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length

43. Defendants violated the MCPA.  Defendants' violations include, but are not limited to, the following:

    (a) The MCPA prohibit "unfair or deceptive trade practice," Md. Code, Com. Law § 13-301 and expressly provides that violations of the MCDCA constitute "unfair or deceptive trade practices." Md. Code, Comm. Law § 13-301(14)(iii).  The Defendant violated the MCDCA and thus, violated the MCPA.

44. As a result of the foregoing violations of the MCPA, pursuant to Md. Code Comm. Law § 13-408, Defendant is liable to Plaintiff, Yvonne Carrington, for attorneys fees and damages for injury or loss sustained by the Plaintiff as a result of a practice prohibited by this title.

## VIII.   FOURTH CAUSE OF ACTION
### *(Negligent Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227 )*

45. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

46. On multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

47. Defendant negligently placed multiple automated calls to Plaintiff's cellular phone without her prior express consent.

48. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

49. As a result of the Defendant's negligent violations of the TCPA, Defendant is liable to the Plaintiff, Yvonne Carrington, for statutory damages in an amount up to $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## IX.    FIFTH CAUSE OF ACTION
### (Knowing and/or Willful Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227)

50. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

COMPLAINT AND DEMAND FOR JURY TRIAL

51. Defendant knowingly and/or willfully placed multiple automated calls to Plaintiff's cellular telephone without her prior express consent.

52. Each of the aforementioned calls be Defendant constitutes a knowing and/or willful violation of the TCPA.

53. Pursuant to 47 U.S.C. § 227(b)(3), if the court finds that Defendant willfully or knowingly violated 47 U.S.C. § 227 (b)(1)(A)(iii) the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3)(B).

54. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## X.  SIXTH CAUSE OF ACTION
### (Invasion Of Privacy By Intrusion Upon Seclusion)

56. Plaintiff repeats and realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

57. Congress explicitly recognized a consumer's inherent right to privacy in collection

**COMPLAINT AND DEMAND FOR JURY TRIAL**

matters in passing the Telephone Consumer Protection Act, when it stated as part of its

findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]"**

> 47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

58. Congress further recognized a consumer's right to privacy in financial data in

passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial

data for a broad range of "financial institutions" including creditors that try to collect on

debts owed to them, albeit without a private right of action, when it stated as part of its

purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

> 15 U.S.C. § 6801(a) (emphasis added).

59. Defendant and/or its agents intentionally and/or negligently interfered, physically

or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

60. Specifically, Defendant repeatedly and unlawfully called Plaintiff's cellular

16

**COMPLAINT AND DEMAND FOR JURY TRIAL**

telephone using an automatic dialing system no less than twenty-five (25) times within a span of 4-days.

61. Additionally, Defendant repeatedly and unlawfully contacted Plaintiff's cellular telephone using an automatic telephone dialing system, after Plaintiff had already told Defendant she was represented by a "consumer debt company" with regard to this alleged debt, thereby invading Plaintiff's right to privacy.

62. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

63. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

64. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

65. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

66. As a result of such intrusions and invasions of privacy, Defendant is liable to

17

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## XI.   *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Convergent Outsourcing, Inc, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, TCPA, MCDCA and MCPA; and

B. An injunction prohibiting Defendant from contacting Plaintiff on her cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

C. Actual damages pursuant to15 U.S.C. § 1692k(a)(1) and 47 U.S.C. § 227(b)(3)(B); and

D. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) and 47 U.S.C. §227(b)(3)(B); and

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Comm. Law § 13-408; and

F. Proximate damages pursuant to Md. Code Comm. § 14-203; and

G. Punitive damages; and

**COMPLAINT AND DEMAND FOR JURY TRIAL**

H. Compensatory damages; and

I.   Treble damages; and

J.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the Law; and

K. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, Yvonne Carrington, demands trial by jury
in this action.


Dated: 6/11/2013                                RESPECTFULLY SUBMITTED,

                                                By: /s/ L. Jeanette Rice
                                                L. Jeanette Rice, Esq
                                                Walsh, Becker, Moody & Rice
                                                14300 Gallant Fox Lane # 218
                                                Bowie, MD 20715
                                                Telephone: 301-262-6000
                                                Facsimile: 301-262-4403
                                                Email: riceesq@walshbecker.com

**COMPLAINT AND DEMAND FOR JURY TRIAL**